**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

NIKI-ALEXANDER SHETTY f/k/a
SATISH SHETTY,

        Plaintiff,

    v.

MICHAEL ALLEN LEWIS, et al.,

        Defendants.

Case No.  16-cv-03112-BLF

**ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS WITH LEAVE
TO AMEND; TERMINATING AS
MOOT PLAINTIFF'S MOTION FOR
SERVICE; AND DENYING
PLAINTIFF'S MOTION FOR LEAVE
TO RECORD A LIS PENDENS**

[Re:  ECF 3, 9, 30, 37]

      For the reasons stated at the hearing on October 27, 2016 and discussed below, Defendants' motions to dismiss (ECF 9 and 30) are GRANTED WITH LEAVE TO AMEND, Plaintiff's motion for service of the Lewis Defendants' motion to dismiss (ECF 37) is TERMINATED AS MOOT, and Plaintiff's motion for leave to record a lis pendens (ECF 3) is DENIED.

**I.     BACKGROUND**

      Plaintiff Niki-Alexander Shetty, proceeding pro se, filed the complaint in this action on June 8, 2016, alleging numerous claims relating to the nonjudicial foreclosure of real property located in Royal Oaks, California.  Compl., ECF 1.  Shetty alleges that the property was acquired by Heriberto and Maria Elena Martinez, "both immigrants from Mexico," who have operated a business called Mexico Meat Market on the property for more than twenty-five years.  *Id.* ¶¶ 13-15.  The Martinezes refinanced the property in 2007 by means of a Note secured by a Deed of Trust on the property.  Compl. ¶¶ 22-27; Exh. L to Compl (Note); Exh. N to Compl. (Deed of Trust).  The Deed of Trust, signed by the Martinezes, was recorded in August 2007.  Exh. N. to Compl. (Deed of Trust).  Shetty claims an interest in the property under a grant deed recorded on

United States District Court
Northern District of California

March 21, 2016, showing that the Martinezes granted title of the property to themselves and to Shetty, as joint tenants, in exchange for $0.00.  Exh. A to Compl. (Grant Deed).  He also alleges that he is the "Assignee of any and all claims of causes of action from Maria Elena Martinez and Heriberto Martinez."  Compl. at p. 1.

In his claimed capacities of title holder and assignee of the Martinezes' rights, Shetty challenges a Notice of Default and Election to Sell Under Deed of Trust recorded in April 2016 by First American Title Company, Trustee, for M. Lewis, Inc., Beneficiary.  Exh. Y to Compl. (Notice of Default).  Shetty sues First American Title Company ("First American") as well as M. Lewis, Inc. and its principal Michael Allen Lewis (collectively, "Lewis Defendants"), alleging fraudulent alteration of the loan documents and other wrongdoing.  The complaint alleges the following claims:  (1) involuntary servitude; (2) fraud; (3) rescission; (4) slander of title; (5) violation of California Civil Code § 2923.1(a); (6) violation of California Civil Code § 2941.9 and 2934(a); (7) violation of California Civil Code § 2924(a)(6); (8) cancellation and expungement of written instruments; (9) wrongful foreclosure; (10) quiet title; (11) violation of California Business & Professions Code § 17200; (12) injunctive relief; (13) and declaratory relief.

On the same date that he filed his complaint, Shetty filed a motion for leave to record a lis pendens.  *See* Pl.'s Application and Request for Court Approval of Notice of Pendency of Action, ECF 3.  First American and the Lewis Defendants subsequently filed motions to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6).  After Defendants' motions were filed, Shetty filed a Motion for Service of Defendant's Motion to Dismiss, claiming that he had not received service of the Lewis Defendants' motion to dismiss.  Defendants' motions to dismiss, Shetty's motion for service, and Shetty's motion for leave to record a lis pendens are addressed as follows.

## II.   DEFENDANTS' MOTIONS TO DISMISS

### A.   Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts

United States District Court
Northern District of California

as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B.    Discussion

Shetty's complaint asserts jurisdiction based upon federal question and diversity of citizenship. Compl. at p. 5. He has not alleged facts showing complete diversity of citizenship between himself and Defendants. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."). To the contrary, he alleges facts showing that all parties are citizens of California. Compl. ¶¶ 1, 6-8. Accordingly, the only potential basis for this Court's subject matter jurisdiction is federal question jurisdiction.

All of Shetty's substantive claims are asserted under California state law. *See* Claims 1-11. Claims 12 and 13 seek injunctive and declaratory relief based upon the allegations set forth in substantive claims 1-11. Accordingly, no basis for federal question jurisdiction appears on the face of the complaint. The Court notes that Claim 1, which asserts a violation of the California Constitution's prohibition on slavery and involuntary servitude, does reference the Thirteenth Amendment to the United States Constitution, prohibiting involuntary servitude, and two federal criminal statutes, 18 U.S.C. §§ 1584 and 1951, which impose criminal penalties for "Sale into involuntary servitude" and "Interference with commerce by threats or violence," respectively. U.S. Const. Amend. 13; 18 U.S.C. §§ 1584, 1951. Another federal criminal statute, 18 U.S.C. §

1581, is referenced in the section of the complaint addressing federal question jurisdiction. Section 1581 imposes criminal penalties for holding or returning another person "to a condition of peonage." 18 U.S.C. § 1581. None of these statutes provides a private right of action and none appears to have any relevance to the facts alleged in the complaint. To the extent that Shetty is attempting to state a claim under the Thirteenth Amendment or the cited federal statutes, it is frivolous. Shetty seems to equate demand for payment under the Deed of Trust with involuntary servitude, *see* Compl. ¶ 115, but such a claim is entirely unmeritorious.

Absent the assertion of a viable federal claim, this Court declines to exercise supplemental jurisdiction over Shetty's state law claims. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). The present case is at an early stage of the proceedings. The Court therefore will defer addressing the merits of Shetty's state law claims in detail unless and until Shetty makes out a viable federal claim. The Court observes, however, that all of Shetty's state law claims appear to suffer from numerous significant pleading defects as identified in Defendants' motions to dismiss.

Accordingly, Defendants' motions to dismiss are GRANTED on the basis that Shetty has failed to allege a viable federal claim.

### C.   Leave to Amend

Having determined that Shetty's complaint is subject to dismissal for failure to allege a viable federal claim, the Court must decide whether to grant him leave to amend. In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay,

(2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *Eminence Capital*, 316 F.3d at 1052.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.*  However a strong showing with respect to one of the other factors may warrant denial of leave to amend.  *Id.*

The record does not reflect any undue delay by Shetty (factor 1), and he has not previously been granted an opportunity to cure the deficiencies in his complaint (factor 3).  Granting leave to amend would not unduly prejudice Defendants given the early stage of the proceedings (factor 4).  However, the Court has grave concerns that Shetty may be acting in bad faith (factor 2) and that amendment may be futile (factor 5).

Turning first to the question of bad faith, the Lewis Defendants request judicial notice of numerous complaints that Shetty has filed in other courts, alleging claims similar to those alleged in this case, along with dismissal orders articulating the deficiencies of those complaints.  Lewis Defs.' RJN, ECF 30-1.  The request for judicial notice is GRANTED.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").  In each of those cases, Shetty was given specific reasons for the courts' determinations that his pleadings were deficient.  Lewis Defs.' RJN, ECF 30-1.  Given Shetty's experience in filing cases regarding foreclosure proceedings, and the express direction he has been given by numerous courts, this Court is at a loss to understand how Shetty could have believed that his complaint in the present case states a viable federal claim.  The claims asserted under federal constitutional and statutory provisions addressing involuntary servitude and similar subjects are completely frivolous.  Given Shetty's demonstrated experience and sophistication in this area of the law, it borders on a violation of Federal Rule of Civil Procedure 11 to force Defendants and this Court to devote valuable resources to evaluating those claims.

Of equal concern is the Court's uncertainty whether the Martinezes are aware of this lawsuit.  Given the Martinezes' ownership interest in the property and the fact that the foreclosure proceedings appear to arise solely from their default on the Note, the Court considers the

United States District Court
Northern District of California

1    Martinezes to be required parties within the meaning of Federal Rule of Civil Procedure 19.

2    When asked at the hearing whether he could join the Martinezes as parties if granted leave to

3    amend, Shetty represented that he could join the Martinezes with no difficulty.  Any leave to

4    amend granted in this case would be contingent upon the joinder of the Martinezes under Rule 19.

5         Turning next to the question of futility, when asked at the hearing whether he could amend

6    his pleading to allege a viable federal claim, Shetty asserted that he could allege a claim under the

7    Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  The Court is dubious

8    whether Shetty could allege an FDCPA claim against the Lewis Defendants, and recent Ninth

9    Circuit authority makes clear that he could not allege an FDCPA claim against First American,

10   which is alleged to have acted only as the Trustee of the Deed of Trust.  *See Ho v. ReconTrust Co.*,

11   NA, --- F.3d. ----, No. 10-56884, 2016 WL 6091564, at *7 (9th Cir. Oct. 19, 2016) (trustee of a

12   California deed of trust is not a debt collector within the meaning of the FDCPA).  However,

13   given the facts alleged thus far, it is not absolutely clear that Shetty could not state a federal claim

14   against either set of Defendants.

15        After weighing the relevant factors, the Court will grant Shetty one opportunity to amend

16   his complaint to allege a viable federal claim, contingent on Shetty joining the Martinezes as

17   required parties under Federal Rule of Civil Procedure 19.  Plaintiff may not amend his current

18   first claim for involuntary servitude, however.  As stated above, the claim is frivolous and

19   amendment of that claim would be futile.

20        Accordingly, Defendants' motions are granted WITH LEAVE TO AMEND.

21   **III.    PLAINTIFF'S MOTION FOR SERVICE**

22        On September 12, 2016, Shetty filed a Motion for Service of Defendant's Motion to

23   Dismiss (ECF 37), claiming that he did not receive service of the Lewis Defendants' motion.  The

24   Lewis Defendants responded with evidence that they had served Shetty with their motion, both

25   when the motion initially was filed and after Shetty filed his Motion for Service.  Lewis Defs.'

26   Response, ECF 38; Certificate of Service, ECF 39; Williams Decl., ECF 40.  Shetty subsequently

27   filed a substantive opposition to the Lewis Defendants' motion to dismiss (ECF 42), which has

28   been considered by the Court.

United States District Court
Northern District of California

1       Accordingly, Shetty's Motion for Service is TERMINATED AT MOOT.

2    **IV.**    **PLAINTIFF'S MOTION FOR LEAVE TO RECORD A LIS PENDENS**

3       Shetty seeks leave to record a lis pendens.  As a pro se litigant, Shetty "needs court

4 approval to file a lis pendens regarding the property at issue in this litigation." *Stowers v. Wells*

5 *Fargo Bank, N.A.*, No. 3:13-CV-05426-RS, 2014 WL 1245070, at *11 (N.D. Cal. Mar. 25, 2014)

6 (citing Cal. Civ. Proc. Code § 405.21).  As discussed above, however, Shetty has failed to make

7 out a single viable claim.  Although Shetty may attempt to amend his complaint, he currently has

8 no active claims that could justify the recording of a lis pendens.

9       Accordingly, Shetty's motion for leave to record a lis pendens is DENIED.

10   **V.**    **ORDER**

11      (1)     Defendants' motions to dismiss the complaint are GRANTED WITH LEAVE TO

12            AMEND consistent with this order;

13      (2)     Any amended complaint SHALL BE FILED on or before December 1, 2016;

14      (3)     Any amended complaint SHALL JOIN Heriberto and Maria Elena Martinez as

15            parties;

16      (4)     All parties, including the Martinezes, SHALL APPEAR personally or through

17            representation by an attorney admitted to practice before this Court at all future

18            hearings unless specifically excused from such appearance by order of the Court;

19      (5)     Plaintiff's motion for service is TERMINATED AS MOOT; and

20      (6)     Plaintiff's motion for leave to record a lis pendens is DENIED.

22      **IT IS SO ORDERED.**

24 Dated:  November 1, 2016

25                    _____

26                    BETH LABSON FREEMAN
                    United States District Judge