1

2

3                    **UNITED STATES DISTRICT COURT**

4                  **NORTHERN DISTRICT OF CALIFORNIA**

5                           **SAN JOSE DIVISION**

6

7   NIKI-ALEXANDER SHETTY f/k/a
    SATISH SHETTY,                          Case No.  16-cv-03112-BLF

8
                     Plaintiff,             **ORDER GRANTING PLAINTIFF'S**
9                                           **MOTION TO STRIKE LEWIS**
           v.                               **DEFENDANTS' SUPPLEMENTAL**
10                                          **BRIEF; GRANTING DEFENDANTS'**
                                            **MOTIONS TO DISMISS FDCPA CLAIM**
    MICHAEL ALLEN LEWIS, et al.,            **WITHOUT LEAVE TO AMEND;**
11                                          **DECLINING TO EXERCISE**
                     Defendants.            **SUPPLEMENTAL JURISDICTION**
12                                          **OVER STATE LAW CLAIMS; AND**
                                            **DISMISSING ACTION**
13
                                            [Re:  ECF 64, 68, 78]
14

15

16          Plaintiff Niki-Alexander Shetty, proceeding pro se, sues Defendants First American Title

17   Company ("First American"), M. Lewis, Inc., and Michael Allen Lewis ("Lewis Defendants"), for

18   violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.,

19   following Defendants' commencement of non-judicial foreclosure proceedings on real property

20   located at 22 Porter Way, Royal Oaks, California ("the property").  Shetty also asserts a number of

21   state law claims challenging the foreclosure and seeking to quiet title to the property.

22          First American and the Lewis Defendants separately move to dismiss the operative first

23   amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6).  Shetty opposes

24   those motions and moves to strike a supplemental brief filed by the Lewis Defendants in

25   connection with their motion to dismiss.

26          For the reasons discussed below, the Court GRANTS Shetty's motion to strike, GRANTS

27   Defendants' motions to dismiss the FDCPA claim without leave to amend, DECLINES to exercise

28   supplemental jurisdiction over the state law claims, and DISMISSES the action.

*United States District Court*
*Northern District of California*

## I.     BACKGROUND[1]

The property that lies at the heart of this action has been owned by an immigrant couple named Heriberto and Maria Elena Martinez for twenty-five years.  FAC ¶ 17, ECF 63.  The Martinezes have operated a business called the Mexico Meat Market on the property during that time.  *Id.* ¶ 19.  In August 2007, the Martinezes refinanced the property by means of a Note secured by a Deed of Trust on the property.  *Id.* ¶¶ 17-26; Exh. L (Note); Exh. M (Deed of Trust); Exh. N (Recorded Deed of Trust).  The Note identified Santa Cruz Title Company as the Trustee and Defendant M. Lewis, Inc. as the Beneficiary.  Exh. L to FAC (Note).  Defendant M. Lewis Inc. later substituted Defendant First American as the Trustee.  Exh. X to FAC (Substitution of Trustee).

Shetty claims that in February 2016, the Martinezes executed a Grant Deed transferring title to themselves and Shetty as joint tenants.  Exh. A to FAC (Grant Deed).  Shetty's pleadings do not explain why the Martinezes granted him an interest in the property, apparently for $0.00 based on the face of the Grant Deed.  In March 2016, the Lewis Defendants issued a Notice of Default and Election to Sell under Deed of Trust, which was recorded by First American.  Exh. Y to FAC (Notice of Default).

Shetty filed this action in June 2016, challenging the non-judicial foreclosure and seeking to quiet title to the property in himself as owner in fee.  *See* Compl., ECF 1.  The Court granted Defendants' motions to dismiss the complaint for failure to state a claim upon which relief may be granted.  *See* Order Granting Defendants' Motions to Dismiss with Leave to Amend, ECF 62.  The Court determined that Shetty had not pled facts showing complete diversity of citizenship and that his asserted federal claims were not viable.  *Id.*  In particular, the Court found that Shetty could not state a claim under the Thirteenth Amendment to the United States Constitution, prohibiting involuntary servitude, or under various federal criminal statutes recited in the complaint.  *Id.* at 3-4.  Absent a viable federal claim, the Court declined to exercise supplemental jurisdiction over Shetty's state law claims.  *Id.* at 4.

---

[1] Plaintiff's well-pled factual allegations are accepted as true for purposes of the motion to dismiss.  *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

United States District Court
Northern District of California

The Court granted Shetty leave to amend based upon his representations that he could allege a federal claim under the FDCPA and could join the Martinezes as parties. *Id.* at 5-6. The Court expressly conditioned leave to amend on Shetty's joinder of the Martinezes based on their ownership interest in the property and the Court's concern that they may not be aware of this lawsuit. *Id.* Shetty filed the operative FAC on December 2, 2016, asserting a single federal claim under the FDCPA and numerous state law claims. He did not join the Martinezes as parties.

## II.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    DISCUSSION

Shetty's FAC asserts federal jurisdiction based on both diversity of citizenship and federal question. He has not alleged facts showing complete diversity of citizenship between himself and Defendants. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."). To the contrary, he alleges facts showing that he and at least some of the Defendants are citizens of California. FAC ¶¶ 1-9.

1    Accordingly, the only potential basis for this Court's subject matter jurisdiction is federal question

2    jurisdiction. The FAC contains one substantive federal claim, Claim 1, which is asserted under

3    FDCPA. That claim is discussed in detail in section III.B., below.

4         The Court notes that Claim 13 is asserted under the Declaratory Judgment Act, 28 U.S.C. §

5    2201(a). "[T]he Declaratory Judgment Act does not by itself confer federal subject-matter

6    jurisdiction." *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005). A

7    plaintiff asserting a declaratory judgment action must plead an independent basis for subject

8    matter jurisdiction. *Id.* The FAC also contains stray references to federal statutes, which are

9    insufficient to confer subject matter jurisdiction. For example, paragraph 111 of the FAC

10   mentions 18 U.S.C. § 1951, a criminal statute addressing "Interference with commerce by threats

11   or violence" which does not provide for a private right of action. Paragraph 111 also mentions 18

12   U.S.C. § 1961(1), which defines "racketeering activity" for purposes of the Racketeer Influenced

13   and Corrupt Organizations Act ("RICO"). There is no indication on this record that Shetty intends

14   to or could allege a RICO claim. Finally, Paragraph 112 of the FAC references 18 U.S.C. § 1954,

15   a statute titled "Offer, acceptance, or solicitation to influence operations of employee benefit plan"

16   which does not appear to have any relevance to the facts of this case.

17        Thus subject matter jurisdiction depends on the FDCPA claim.

18        **A.    Procedural Issues**

19        Before turning to Defendants' arguments regarding the FDCPA claim, the Court addresses

20   two procedural issues. First, Defendants ask the Court to disregard Shetty's opposition briefs

21   (ECF 73, 74) as untimely. Second, Shetty asks the Court to disregard the Lewis Defendants'

22   supplemental brief (ECF 72).

23        **1.    Shetty's Untimely Opposition Briefs**

24        First American's motion to dismiss was filed on December 16, 2016 and the Lewis

25   Defendants' motion to dismiss was filed on December 19, 2016, making any opposition briefs due

26   by December 30, 2016 and January 3, 2017, respectively. *See* Civ. L.R. 7-3(a) ("opposition must

27   be filed and served not more than 14 days after the motion was filed"). Shetty filed opposition to

28   First American's motion on March 7, 2017 and to the Lewis Defendants' motion on March 6,

United States District Court
Northern District of California

1    2017, both approximately nine weeks late.  Shetty did not obtain leave of the Court to file late

2    oppositions and he has not explained why his briefs were untimely.  "[P]ro se litigants are bound

3    by the rules of procedure."  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  The Court therefore

4    would be well within its discretion to strike Shetty's opposition briefs.  However, given Shetty's

5    pro se status and the lack of prejudice to Defendants, the Court in the exercise of its discretion has

6    considered the opposition briefs.

7                    **2.      Lewis Defendants' Unauthorized Supplemental Brief**

8            The Lewis Defendants filed a supplemental brief on March 5, 2017, more than two months

9    after they filed their motion to dismiss.  The supplemental brief was not authorized by the Court's

10   Civil Local Rules, *see* Civ. L.R. 7-3, and the Lewis Defendants did not seek leave of the Court to

11   file it.  For those reasons, and because consideration of the supplemental brief is not necessary to

12   the Court's disposition of the Lewis Defendants' motion to dismiss, the Court GRANTS Shetty's

13   motion to strike the supplemental brief.

14       **B.      FDCPA (Claim 1)**

15           "The FDCPA subjects 'debt collectors' to civil damages for engaging in certain abusive

16   practices while attempting to collect debts."  *Ho v. ReconTrust Co., NA*, 840 F.3d 618, 620 (9th

17   Cir. 2016).  "The statute's general definition of 'debt collector' captures any entity that 'regularly

18   collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

19   due [to] another.'"  *Id.* at 620-21 (quoting 15 U.S.C. § 1692a(6)).  "The term 'debt' means any

20   obligation or alleged obligation of a consumer to pay money arising out of a transaction in which

21   the money, property, insurance, or services which are the subject of the transaction are primarily

22   for personal, family, or household purposes."  15 U.S.C. § 1692a(5).

23           Shetty claims that First American and the Lewis Defendants are debt collectors within the

24   meaning of the FDCPA and that certain documents they sent the Martinezes violated the FDCPA.

25   Shetty's allegations focus on two documents dated March 18, 2016, the first titled "Demand

26   Request Information" and the second titled "Notice of Default and Election to Sell under Deed of

27   Trust."  FAC ¶¶ 101, 127; Exh. U-1 to FAC (Demand Request Information); Exh. Y to FAC

28   (Notice of Default).  The Demand Request Information informed the Martinezes that the payoff

United States District Court
Northern District of California

5

amount on their loan was $262,608.29.  FAC ¶ 101; Exh. U-1 to FAC.  Shetty asserts that the

payoff amount and other information contained in the document was incorrect.  FAC ¶¶ 102-12.

Shetty also alleges that "Defendants and each of them coerced the plaintiff and threatened to

foreclose on the subject property should the plaintiff not pay the purported debt demanded by

them."  FAC ¶ 127(c).  The latter allegation appears to be a reference to the Notice of Default and

Election to Sell under Deed of Trust that was issued by the Lewis Defendants and recorded by

First American.  *See* Exh. Y to FAC (Notice of Default).

The Demand Request Information and Notice of Default and Election to Sell under Deed

of Trust were directed to the Martinezes, not Shetty, and addressed a loan to which Shetty was not

a party.  Shetty asserts that he nonetheless may pursue an FDCPA claim based on those documents

because "Plaintiff is an assignee of all claims and causes of action of the [sic] Maria Martinez and

Heriberto Martinez who is a consumer as is defined by 15 U.S.C. 1692a(3) and as such Plaintiff is

also a consumer as is defined by FDCPA."  FAC ¶ 116.  Defendants argue that the FDCPA claim

is subject to dismissal for failure to join the Martinezes and for failure to state a claim.

### 1.    Failure to Join the Martinezes as Parties

As noted above, the Court conditioned Shetty's leave to file an amended pleading on his

joinder of the Martinezes.  *See* Order Granting Defendants' Motions to Dismiss with Leave to

Amend at 5-6, ECF 62.  Joinder of parties is governed by Federal Rule of Civil Procedure 19,

which imposes a three-step inquiry:  "1. Is the absent party necessary (i.e., required to be joined if

feasible) under Rule 19(a)?  2. If so, is it feasible to order that the absent party be joined?  3. If

joinder is not feasible, can the case proceed without the absent party, or is the absent party

indispensable such that the action must be dismissed?"  *Salt River Project Agr. Imp. & Power*

*Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).

### a.    Whether Absent Party is Required

Rule 19 defines required parties as follows:

(a) Persons Required to Be Joined if Feasible.

(1) Required Party.  A person who is subject to service of process and whose
joinder will not deprive the court of subject-matter jurisdiction must be joined as a
party if:

6

1    (A) in that person's absence, the court cannot accord complete relief among
     existing parties; or

2

3    (B) that person claims an interest relating to the subject of the action and is so
     situated that disposing of the action in the person's absence may:

4        (i) as a practical matter impair or impede the person's ability to protect the
         interest; or

5

6        (ii) leave an existing party subject to a substantial risk of incurring double,
         multiple, or otherwise inconsistent obligations because of the interest.

7    Fed. R. Civ. P. 19(a)(1).

8        Shetty alleges in the FAC that he did not join the Martinezes in this action because they

9    have filed a Chapter 13 bankruptcy petition "and consistent with the advice of their counsel the

10   Martinez [sic] have indicated to the Plaintiff that they will prosecute an independent adversarial

11   action <u>related to claims against them by individuals and/or entities</u> within the bankruptcy forum

12   duly represented by counsel which is consistent with the order of the court."  FAC at 2

13   (underlining in original).  The Court understands Shetty to be asserting that the Martinezes

14   declined to join this action voluntarily because they prefer to pursue their claims against

15   Defendants by means of an adversarial proceeding in the bankruptcy court.

16       The Court takes judicial notice of the documents filed in the bankruptcy action identified

17   by Shetty, *In Re Heriberto Martinez*, Debtor, Case No. 16-bk-52695.  *See Reyn's Pasta Bella,*

18   *LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of

19   court filings and other matters of public record.").  That case is a bankruptcy action filed by

20   Heriberto Martinez, dba Mexico Meat Market.  See Docket, Case No. 16-bk-52695.  Heriberto[2]

21   filed a Chapter 13 petition on September 19, 2016.  *See* Chapter 13 Petition, ECF 1 in Case 16-bk-

22   52695.  Interestingly, Heriberto has scheduled the property as his sole property, owned in fee

23   simple.[3]  Schedule at 1, ECF 7 in Case 16-bk-52695.  In response to the question, "Who has an

---

[2] The Court refers to Heriberto Martinez by his first name for the sake of convenience; it means no
disrespect in doing so.

[3] Heriberto indicates that the property is located at 22 Porter *Dr.*, *Watsonville*, CA 95076, while
the FAC states that the property is located at 22 Porter *Way*, *Royal Oaks*, CA 95076.  *Compare*
Schedule, ECF 7 in Case 16-bk-52695 *with* FAC ¶ 4, ECF 63.  It is apparent from the record that
both Shetty and Heriberto refer to the same real property housing the Mexico Meat Market.
Accordingly, the Court need not determine for purposes of the present motions which address is

United States District Court
Northern District of California

interest in the property?" Heriberto checked the box indicating that only he has an interest in the property; he did not check the box indicating that a debtor "and another" – such as Shetty – have an interest in the property.  *Id.*  Heriberto also has scheduled as assets his "Claims Against Lender on Porter Dr. Property."  *Id.* at 5.

The manner in which Heriberto has scheduled both the property and his claims against Defendants is inconsistent with Shetty's claim of ownership interest in the property and purported assignment of rights to pursue Heriberto's FDCPA claim against Defendants.  Heriberto clearly claims an interest relating to the subject matter of the FDCPA claim that Shetty seeks to assert, and litigation of the FDCPA claim in Heriberto's absence may both impair his interest and expose Defendants to a substantial risk of incurring multiple or otherwise inconsistent obligations.

Shetty disputes Heriberto's status as a required party, citing California law for the proposition that an assignor may not maintain an action on a claim after making an absolute assignment of it to another.  *See Searles Valley Minerals Operations Inc. v. Ralph M. Parson Serv. Co.*, 191 Cal. App. 4th 1394, 1402 (2011) ("Once a claim has been assigned, the assignee is the owner and has the right to sue on it.") (internal quotation marks and citation omitted).  Shetty's argument misses the purpose of the Court's conditional grant of leave to amend – the Court is concerned that the Martinezes may *not* have assigned Shetty their claims and may *not* know that Shetty is pursuing the present action.

While it must accept Shetty's well-pled factual allegations as true, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  Shetty alleges assignment of the Martinezes' rights in only the most conclusory of terms, stating that his "is an assignee of all claims and causes of action of the [sic] Maria Martinez and Heriberto Martinez."  FAC ¶ 116.  Clearly, the Martinezes cannot have assigned Shetty *all* claims they may have, regarding *all* possible subject matters, and Shetty does

the correct one.

United States District Court
Northern District of California

not allege any *facts* showing that the Martinezes assigned him their rights to pursue an FDCPA claim in particular.   Moreover, Shetty's allegations are contradicted by Heriberto's bankruptcy filings, of which the Court takes judicial notice.  As discussed above, Heriberto's filings in the bankruptcy court show that Heriberto is asserting sole ownership of the property and the right to pursue his claims against Defendants.  Given this record, the Court concludes that Heriberto, at least, is a required party to the FDCPA claim, because regardless of how the issues of ownership and assignment ultimately are resolved, at this point it appears that Shetty's litigation of the FDCPA claim may impair Heriberto's interest and expose Defendants to inconsistent obligations.

### b.      Whether Joinder of Absent Party is Feasible

Shetty asserts in his FAC that joinder of the Martinezes is impossible because the Martinezes have filed for bankruptcy and intend to litigate their claims against Defendants in the bankruptcy court.  FAC at 2.  It is not clear that Heriberto's bankruptcy in fact bars joinder of the Martinezes in this action.  However, accepting Shetty's representation as true, the Court must determine whether the action proceed without the Martinezes or should be dismissed.[4]

### c.      Whether Absent Party is Indispensable

"If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).  "The factors for the court to consider include:  (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by:  (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."  *Id.*

In light of the representations made by Heriberto in his bankruptcy filings, specifically that he is the sole owner of the property and that his claims against Defendants are assets in the

---

[4] If Shetty's representation regarding the impossibility of joining the Martinezes is untrue, then he simply has refused to join them.  Because the Court's grant of leave to amend was conditioned on joinder of the Martinezes, Shetty's refusal to join them renders his FAC subject to dismissal even absent a finding that joinder is not feasible.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    bankruptcy, Heriberto's interests clearly would be prejudiced by a judgment in Shetty's favor on

2    Shetty's FDCPA claim (factor 1).  The Court does not perceive how such prejudice could be

3    lessened or avoided by any protective provisions in the judgment or by other measures (factor 2).

4    A judgment in Heriberto's absence would not be adequate given Heriberto's assertions in the

5    bankruptcy court regarding his ownership of the property and claims against Defendants (factor 3).

6    Finally, it is not clear whether Shetty could litigate the interests he asserts here in Heriberto's

7    bankruptcy action (factor 4).  However, under the unique circumstance of this case and because

8    the first three factors heavily favor dismissal of the FDCPA claim for nonjoinder of Heriberto, the

9    Court concludes that dismissal is appropriate even if such dismissal would leave Shetty without an

10   adequate remedy for his asserted interest as an assignee of the Martinezes' FDCPA claim.

11          Accordingly, the FDCPA claim is DISMISSED for failure to join an indispensable party.

12                **2.        Failure to State a Claim**

13          Defendants argue as a separate and independent basis for dismissal that Shetty has not and

14   cannot allege facts sufficient to state a claim under the FDCPA.

15          "To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a

16   'debt collector' collecting a 'debt.'"  *Aguirre v. Cal-W. Reconveyance Corp.*, No. CV 11-6911

17   CAS AGRX, 2012 WL 273753, at *7 (C.D. Cal. Jan. 30, 2012) (internal quotation marks and

18   citation omitted).  "[C]reditors, mortgagors, and mortgage servicing companies are not debt

19   collectors and are statutorily exempt from liability under the FDCPA."  *Id.* (internal quotation

20   marks and citation omitted).  M. Lewis, Inc. is alleged to be "only a debt servicer under a 'Lender

21   Servicing Agreement.'"  FAC ¶ 95(w).  Michael Allen Lewis is alleged to be "the President and

22   Chief Executive officer of defendant M. Lewis Inc." and appears to be sued only in his corporate

23   capacity.  FAC ¶ 7.

24          Moreover, "actions taken to facilitate a non-judicial foreclosure, such as sending the notice

25   of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the

26   FDCPA."  *Ho v. ReconTrust Co.*, NA, 840 F.3d 618, 621 (9th Cir. 2016).  Most, if not all of the

27   conduct alleged against the Lewis Defendants, and all of the conduct alleged First American,

28   constitutes actions taken to facilitate non-judicial foreclosure of the property.  *See* FAC ¶¶ 100-

128.

Finally, "[t]he FDCPA applies to consumer debts, which it defines as 'any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.'" *Aniel v. TD Serv. Co.*, No. C 10-05323 WHA, 2011 WL 109550, at *4 (N.D. Cal. Jan. 13, 2011) (quoting 15 U.S.C. 1692a(5)). Based on that definition, the court concluded in *Aniel* that a mortgage loan on a rental property was not a "debt" covered by the FDCPA. *Id.* It appears on the face of the complaint that the loan in this case was taken on commercial property, as Shetty alleges specifically that the Martinezes have operated the Mexico Meat Market on the property for twenty-five years. FAC ¶ 19. Shetty alleges conclusorily that "the debt evidenced by the purported Note and deed of trust arise [sic] out of a loan transaction entered primarily for personal, family, or household purposes by the consumers namely Maria Martinez and Heriberto Martinez and consistent with 15 U.S.C.A. § 1692a(5)." FAC ¶ 117. That conclusory allegation, devoid of any factual support, is insufficient to satisfy the applicable pleading standards. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (court need not consider "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Accordingly, it appears on the face of the FAC that Defendants are not debt collectors collecting a debt within the meaning of the FDCPA. Shetty's conclusory allegation that "Defendants M. Lewis Inc., Michael Allen Lewis and First American Title Company attempting to collect and collecting the debt is a 'debt collector' within the meaning of 15 U.S.C.A. § 1692a(6)," FAC ¶ 118, is insufficient to state a claim against Defendants under the FDCPA. *See Malasky v. Julian*, No. 16-CV-04102-DMR, 2016 WL 7475618, at *10 (N.D. Cal. Dec. 29, 2016) (conclusory and unsupported allegations that the defendant is a "debt collector" insufficient to state a claim under the FDCPA).

The FDCPA claim is DISMISSED for failure to state a claim upon which relief may be granted.

United States District Court
Northern District of California

11

United States District Court
Northern District of California

### C.    Leave to Amend

Having determined that Shetty's FDCPA claim is subject to dismissal, the Court must decide whether to grant him leave to amend.  In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009).  A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present:  (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *Eminence Capital*, 316 F.3d at 1052.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  *Id.*  However a strong showing with respect to one of the other factors may warrant denial of leave to amend.  *Id.*

Shetty has not unduly delayed in litigating this action (factor 1).  The Court does have significant concerns as to whether Shetty is acting in bad faith, given the discrepancies between his filings in this case and Heriberto's filings in his bankruptcy action and in light of Shetty's failure to join the Martinezes in this action (factor 2).  Shetty has had two opportunities to plead a viable federal claim, yet has failed to do so (factor 3).  The status of the non-judicial foreclosure proceedings is unclear from the record.  To the extent that this litigation, which to date appears meritless, has prevented Defendants from going forward with the foreclosure, Defendants have been unduly prejudiced (factor 4).  And finally, it appears that amendment of Shetty's FDCPA claim would be futile given the Court's determinations that Heriberto is an indispensable party to that claim and that the law precludes Shetty's theories of liability against Defendants.

Because all but the first factor weigh against granting leave to amend, the FDCPA claim is DISMISSED WITHOUT LEAVE TO AMEND and WITH PREJUDICE.

### D.    Supplemental Jurisdiction

Absent the assertion of a viable federal claim, this Court declines to exercise supplemental jurisdiction over Shetty's state law claims.  "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'"  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)).  "'[I]n

the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).  The present case is at an early stage of the proceedings.

Accordingly, Shetty's state law claims are DISMISSED WITHOUT PREJUDICE to their assertion in state court.

## IV.  ORDER

(1)     Shetty's motion to strike the Lewis Defendants' supplemental brief is GRANTED;

(2)     Defendants' motions to dismiss are GRANTED WITHOUT LEAVE TO AMEND AND WITH PREJUDICE as to the FDCPA claim;

(3)     The Court DECLINES to exercise supplemental jurisdiction over Shetty's state law claims and on that basis the state law claims are DISMISSED WITHOUT PREJUDICE;

(4)     The action is hereby DISMISSED; and

(5)     The Clerk shall close the file.

Dated:  March 30, 2017

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

13